Water Supply & Pollution Control Commission
No. 80-330

APPEAL OF THE TOWN OF GOFFSTOWN

(New Hampshire Water Supply & Pollution Control Commission)

November 20, 1981

*Devine, Millimet, Stahl & Branch,* of Manchester (*Susan M. Vercillo* on the brief and orally), for the Town of Goffstown.

*Gregory H. Smith,* attorney general (*Edward N. Damon,* assistant attorney general, on the brief and orally), for the commission.

BATCHELDER, J.   This appeal comes to us following an order by the New Hampshire Water Supply and Pollution Control Commission (commission) directing the Town of Goffstown to connect into a regional sewage facility located in Manchester as a condition of Goffstown's receipt of State and federal funds for its sewage facilities. We uphold the commission's order.

In 1973, after several years of study, the commission adopted a sewage facilities plan for the Manchester area, which called for the communities of Auburn, Bedford, Goffstown, Hooksett and Londonderry to connect to a regional sewage treatment plant located in Manchester. At the commission's order, Goffstown completed its facilities plan in 1976, which called for transporting Goffstown's wastewater to the existing Manchester treatment facility. Because Goffstown believed that it would be difficult to negotiate a fair and equitable inter-municipal agreement with Manchester, it asked the commission to consider allowing Goffstown to construct its own sewage treatment facility. In 1977, the Goffstown facilities plan was amended so that the cost-effectiveness of a separate treatment facility for Goffstown could be studied. Goffstown then hired an engineering consulting firm to do this analysis.

Goffstown and the commission began to disagree on the methods by which the costs involved in the construction of a separate Goffstown plant and a Goffstown-Manchester connector should be calculated. Although Goffstown's figures showed that a separate facility would be more cost-effective, the commission challenged both the accuracy and the inclusion of certain costs. Goffstown then hired an economist to help prepare the facilities plan, but disagreements between the commission and Goffstown continued.

Finally, the commission ordered a hearing, held on April 17,

1980, directing Goffstown to show cause why it should not be ordered to connect to the Manchester regional facility as a precondition to obtaining State and federal funds. At the hearing, the commission heard testimony from three of Goffstown's experts in favor of a separate Goffstown facility. One senior member of the commission's staff also testified, but reported that the staff believed that a separate facility would be more expensive. After evaluating this evidence, the commission met again on May 14, 1980, and ordered Goffstown to connect to the Manchester regional treatment facility.

In June 1980 Goffstown filed a motion for rehearing and offered revised cost analyses. The commission staff believed that Goffstown was merely restating its previous arguments, but prepared a memorandum responding to each of Goffstown's claims. Goffstown's motion for rehearing was heard at a meeting held on July 9, 1980, and the commission denied the motion. Goffstown then brought this appeal.

■ At the outset, the commission argues that its decision is unreviewable by this court because the commission was exercising an executive function. See *Fenton G. Keys Associates v. New Hampshire Water Supply Comm'n*, 112 N.H. 104, 107, 289 A.2d 655, 657 (1972). We believe that the commission construes its executive functions much too broadly. We held that a decision to award or not to award a particular engineering firm a particular contract was not reviewable because we found ample evidence that the legislature intended to commit this matter completely to the discretion of the commission. See *id.* at 106–07, 289 A.2d at 657. We find no such intent in RSA 149-B:1-a, and, therefore, an appeal under RSA ch. 541 is proper.

■ RSA 541:13 requires this court to uphold the commission's decision "unless the court is satisfied, by a clear preponderance of the evidence before it, that such order is unjust or unreasonable." *Id.* After a careful review of the record, we feel compelled to uphold the commission's decision, since it is neither unjust nor unreasonable. See *Concord v. Water Supply Comm'n*, 115 N.H. 614, 615, 347 A.2d 173, 174 (1975); *Plymouth Fire District v. Water Pollution Comm'n.*, 103 N.H. 169, 173, 167 A.2d 677, 679–80 (1961).

■ The commission has produced sufficient evidence to support its determination that the connection of the Goffstown sewerage system to a regional treatment facility would be more cost-effective than constructing a separate Goffstown plant. Although Goffstown has gone to great trouble in an attempt to prove other-

wise, we are convinced that the commission has shown sufficient justification for discounting the validity of Goffstown's calculations. The commission, of course, is not bound to accept the testimony of Goffstown's experts. *Insurance Serv. Office v. Whaland,* 117 N.H. 712, 719, 378 A.2d 743, 748 (1977).

Goffstown's argument hinges on its assertion that, were Goffstown to connect into the regional treatment system, the Manchester facility would have to be expanded immediately. Goffstown asserts that, if a separate facility is built in Goffstown, the expansion of the Manchester plant could be delayed until 1990. However, the commission staff argues that, given the planning steps necessary to expand the Manchester facility, an optimistic earliest completion date would be late in 1987. The commission staff has shown that, even using Goffstown's calculations, any savings projected to flow from the construction of a separate Goffstown facility would disappear if the expansion of the Manchester facility is completed at any time after 1985. A timetable for expansion is within the particular expertise of the commission staff, and the commission is entitled to rely on it. *See Concord v. Water Supply Comm'n,* 115 N.H. at 615, 347 A.2d at 174. The evidence effectively rebuts Goffstown's argument.

■ Goffstown next argues that the commission unlawfully and unreasonably disregarded the wishes of the citizens of Goffstown. The commission, however, did spend three years considering a Goffstown treatment plant alternative. This consideration, culminating in the show-cause hearing and an appearance by Goffstown's counsel before the commission to argue the motion for rehearing, was sufficient to satisfy the requirements for public participation. *See generally* 40 C.F.R. § 35.917-5 (amended July 1, 1980). Public participation is meant to ensure that the public is *consulted* during the decision-making process; the public's views, however, are not binding on the decision-making body.

Finally, Goffstown contends that the commission's decision was based on evidence that was not introduced at the April 17, 1980, hearing and, therefore, that Goffstown had no opportunity to rebut the evidence. In particular, Goffstown points to the assertion by the commission staff that the Manchester facility could, under no circumstances, be expanded before late 1987. A review of the record of the April 17 hearing shows that a commission staff member did testify about this completion date. A staff memorandum, dated May 9, 1980, further amplified the staff's contention. Goffstown has been unable to present any evidence, either to the commission in the motion for rehearing or to this court, that could

effectively refute the staff's position. Even were we to remand this decision to the commission for further hearings on this issue, we do not believe that the result would be changed.

Finally, although Goffstown complains that Manchester has treated it unfairly, this appeal is not a proceeding in which such a problem can be addressed. We note that the commission is "empowered to establish such procedures and policies as will aid municipalities in effectuating regional treatment facilities *on an equitable basis.*" RSA 149-B:1-a. (Emphasis added.) If Goffstown finds this protection to be inadequate, then relief should be sought from the legislature, not the judiciary.

*Appeal dismissed.*

All concurred.