Site Evaluation Committee
No. 81-267
No. 81-268
No. 81-298

APPEAL OF THE SOCIETY FOR THE PROTECTION OF THE ENVIRONMENT OF SOUTHEASTERN NEW HAMPSHIRE

APPEAL OF THE TOWN OF SOUTH HAMPTON

APPEAL OF FRANK ROSENCRANTZ & a.
(New Hampshire Bulk Power Supply Site Evaluation Committee)

August 6, 1982

*Wadleigh, Starr, Peters, Dunn & Kohls*, of Manchester (*Robert L. Chiesa* and *Katherine M. Hanna* on the brief, and *Mr. Chiesa* orally), for the Society for the Protection of the Environment of Southeastern New Hampshire.

*Sanders & McDermott P.A.*, of Hampton (*Edward J. McDermott* on the brief and orally), for the Town of South Hampton.

*Holland, Donovan, Beckett & Welch*, of Exeter (*Stephen G. Hermans* and *Thomas D. Welch, Jr.*, on the brief, and *Mr. Hermans* orally), for Frank Rosencrantz & a.

*Alexander J. Kalinski*, of Manchester, by brief and orally, for the New Hampshire Bulk Power Supply Site Evaluation Committee.

*Gregory H. Smith*, attorney general (*E. Tupper Kinder*, assistant attorney general, as counsel for the public, on the brief and orally), representing the public interest.

*Sulloway, Hollis & Soden*, of Concord (*Martin L. Gross* and *Dorothy M. Bickford* on the brief, and *Ms. Bickford* orally), for Public Service Company of New Hampshire.

*Charles F. Tucker*, of Exeter, by brief and orally, for intervenors Murphy and Carey.

*Griffin, Harrington, Brigham, Ritzo & Swanson P.A.*, of Portsmouth (*Charles A. Griffin* on the brief and orally), for the intervenors Kilcup *& a.*

BATCHELDER, J. These appeals, authorized to be taken pursuant to RSA ch. 541, RSA 162-F:10, concern the decisions of the bulk power supply site evaluation committee (SEC) (1) to deny a request by Public Service Company of New Hampshire (PSNH) to modify the location of certain segments of electric transmission lines and (2) to deny motions by other interested parties to expand the scope of the hearings on PSNH's petition to include modification of the location of other segments of the electric transmission lines. We uphold the decisions.

The SEC was established to consolidate the regulation of planning, siting, and construction of bulk electric power supply facilities, RSA 162-F:1 (Supp. 1981), which includes electric transmission lines designed to carry 100 or more kilovolts. RSA 162-F:2 I(b), (c). The SEC is composed of various agency and department heads and technicians, RSA 162-F:3, whose duties include reviewing applications, holding public hearings and making findings of fact for and submissions to the public utilities commission (PUC). RSA 162-F:5, :7, :8. Findings of fact by the SEC on siting, land use, and air and water quality are binding on the PUC, which is then to issue or deny a certificate of site and facility for the proposed project. RSA 162-F:8 II, IV. The certificate, when issued, is final, subject only to judicial review. RSA 162-F:8 IV.

After following the appropriate procedures required by RSA ch. 162-F, the PUC, in January 1974, issued a certificate of site and facility to PSNH for its nuclear generating plant in Seabrook, New Hampshire. Included in this certificate was a general approval of the location of electric transmission lines running from the plant.

The certificate contained the following provision:

"While the associated transmission lines will be authorized along the routes set forth in Exhibit 53A, we fully realize the possibility of refinement of these locations as field work progresses with the actual layout of these routes. This approval may be modified, upon request, by the Petitioner should meaningful negotiation with responsible local authorities, regional commissions, etc. result in any beneficial route relocations."

In June 1976, the Atomic Safety and Licensing Board of the Nuclear Regulatory Commission (NRC) issued a construction

permit to PSNH, which was upheld by the federal courts. *Public Serv. Co. v. U.S. Nuclear Regulatory Comm'n,* 582 F.2d 77 (1st Cir.), *cert. denied,* 439 U.S. 1046 (1978). The location of the transmission lines was contested in the federal hearings and appeals, and the routes were changed by the NRC in several instances.

PSNH, in 1979, moved to modify the transmission line locations, including the changes ordered by the NRC and other changes to accommodate landowners. The changes were approved by the SEC. Its findings included the statements that it was

> "satisfied that the Company had adequately designated a bank through which the transmission lines will be routed and it recognizes that additional slight modifications may be needed. It is satisfied that adequate information has been presented to enable it to make a preliminary finding that the general route is acceptable. Should any additional variation in the route from the designated Exhibits become evident the Committee expects a further petition for authority."

The PUC modified the original certificate in response to the SEC's findings.

On January 23, 1981, PSNH filed a petition to modify portions of the east-west transmission line layout in Kensington, New Hampshire. In response to this petition, the Town of South Hampton, the Society for the Protection of the Environment for Southeastern New Hampshire, the attorney general (through counsel for the public, representing the public interest pursuant to RSA 162-F:9) and individual landowners moved to expand the scope of the petition to reconsider the location of portions of the north-south transmission lines through South Hampton. On March 20, 1981, the SEC and the PUC held the joint information hearing on the petition, as required by RSA 162-F:7 I. At a subsequent hearing, on June 22, 1981, the SEC voted to deny PSNH's petition to modify the east-west layout in the Kensington area and also voted to deny the motion to enlarge the scope of the hearing to include the modification of the north-south layout in South Hampton. Pursuant to the SEC report, the PUC denied further modification of the transmission line routes. These appeals followed.

■ Under our standard of review for appeals brought under RSA ch. 541, an agency's decision cannot be set aside, except for errors of law, unless the court is satisfied, by a clear preponderance of the evidence, that the decision is unjust or unreasonable. RSA 541:13; *see Appeal of Town of Goffstown,* 121 N.H. 999, 1001, 437

A.2d 291, 293 (1981). After reviewing the record before us, we cannot say that either decision was clearly unreasonable or unlawful. RSA 541:13.

■ First, we uphold the decision to deny PSNH's petition to modify the east-west transmission line layout. Although the PUC had left its docket open to permit further modification of the line in the Towle Hill area, it is clear that it did so to accommodate slight modifications that might become necessary. The SEC had already found, in 1979, that it was satisfied with the bank through which the transmission lines were to be routed. The SEC was not unreasonable when it found, in 1981, that the changes proposed by PSNH were not the slight modifications intended, but rather were significant changes in the route. The SEC had studied the impact of the existing route in several earlier hearings, and it could find that modifications proposed by PSNH were unnecessary.

■ Second, the SEC did not err when it denied the motions to expand the scope of the hearing to include modification of the north-south transmission line route through the town of South Hampton. RSA 162-F:8 IV provides that a certificate of site and facility, when issued, is final and subject only to judicial review. The South Hampton layout was incorporated in the original 1974 certificate issued by the PUC. None of the petitioners here challenged that portion of the certificate when it was appealed to us, *see Society for Protection of N.H. Forests v. Site Evaluation Comm.*, 115 N.H. 163, 337 A.2d 778 (1975), and that portion of the decision is final. Even though the SEC and the PUC reserved the power to reopen the certificate if the need for changes became evident, it was neither unreasonable nor unlawful for the SEC to refuse to do so seven years after the certificate had been issued.

*Appeals dismissed.*

All concurred.